UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER REYNOLDS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:23-cv-00090-SEB-KMB |

**ORDER DENYING MOTION TO RECONSIDER**

The Court previously granted Christopher Reynolds's motion filed pursuant to 28 U.S.C. § 2255 and vacated his criminal convictions and sentence. Dkt. 57. Four specific findings drove this decision.

First, prior to testifying in his own defense during the trial, Mr. Reynolds walked from counsel's table across the well of the courtroom to the witness stand with security restraints in full view of the jury. *Id.* at 3, 7.

Second, this occurred after Mr. Reynolds's attorney failed to have other witnesses available to call to testify during trial, leaving only the Defendant to put on evidence. Defense counsel, purporting to secure Defendant's agreement to waive his Fifth Amendment protections against appearing before the jury in visible restraints, in fact did not secure that waiver nor was he even aware of that constitutional right. In an effort to avoid the Court's frustrations over the delay, he called Mr. Reynolds to the stand knowing his restraints would be visible. *Id.* at 4–8.

Third, Mr. Reynolds did not waive his Fifth Amendment right to testify without being seen by the jury in restraints. To the extent counsel attempted to waive that right on Mr. Reynolds's

behalf, he did so out of ignorance, not for a strategic purpose or in a manner that satisfied the Fifth Amendment. *Id.* at 10–12.

Fourth, Mr. Reynolds' "convictions and sentence were thus, at the very least, influenced by a violation of the Constitution and must be vacated pursuant to § 2255." Dkt. *Id.* at 12.

The government seeks reconsideration by the Court of its order pursuant to Federal Rule of Civil Procedure 59(e). Dkt. 60. "Relief under Rule 59(e) is generally reserved for extraordinary cases, . . . and for a motion to be successful, the movant must clearly establish: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Reilly v. Will Cnty. Sheriff's Off.*, 142 F.4th 924, 929 (7th Cir. 2025) (internal quotations and citations omitted). "[I]t is well-settled that a Rule 59(e) motion is not properly utilized 'to advance arguments or theories that could and should have been made before the district court rendered a judgment.'" *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007) (quoting *LB Credit v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

The government argues that the Court did not address "the government's extensive arguments that Reynolds suffered no prejudice from briefly appearing before the jury in shackles given that he injected his custody into the trial as part of his public authority defense." Dkt. 60 at 6. The government further argues that violations of the Fifth Amendment protection against appearing in restraints are subject to harmless error review under *Deck v. Missouri*, 544 U.S. 622, 635 (2005), which review the Court did not conduct in ruling on the § 2255 motion. The government's Rule 59(e) motion is unavailing based on at least three grounds:

First, the government did not raise a harmless error contention anywhere in its 42-page post-hearing brief. Dkt. 53. The government has not explained why it should be permitted now to raise this argument in its Rule 59(e) motion, having failed to raise it while a ruling on the § 2255

motion was pending. *Sigsworth*, 487 F.3d at 512. Harmless error is therefore not available to the government as a basis for relief under Rule 59(e).

Second, and similarly, the government previously failed to present the prejudice argument on which it now seeks to rely. The government's opposition to Mr. Reynolds's Fifth Amendment claim rested exclusively on counsel's waiver of Mr. Reynolds's Fifth Amendment protection against appearing in restraints. Dkt. 53 at 22–26. The government's argument that Mr. Reynolds was not prejudiced was predicated only on his Sixth Amendment right to effective assistance of counsel. *Id.* at 34–40. In the context of the Sixth Amendment, the government argued that Mr. Reynolds was not prejudiced by the jury's view of him in restraints and thus Defendant failed to meet his burden of demonstrating a reasonable probability that he would have been acquitted if counsel had performed capably. *Id.* In its motion to reconsider, the government concedes that, for Fifth Amendment purposes, the prejudice inquiry requires *the government* to prove *beyond a reasonable doubt* that appearing in visible restraints did not contribute to the guilty verdict. Dkt. 60 at 6 (quoting *Deck*, 544 U.S. at 635). In so doing, however, the government impermissibly seeks relief under Rule 59(e) through an argument it did not present while the case was pending. *Sigsworth*, 487 F.3d at 512.[1]

[1] The government correctly notes that the Court did not specifically find that Mr. Reynolds suffered a violation of his Sixth Amendment right to effective assistance of counsel. Dkt. 57 at 12. However, that conclusion clearly is implicit in the Court's other findings and conclusions. Nevertheless, the Court now makes that holding explicit here.

The sequence of events at trial leaves no doubt that defense counsel performed deficiently by running out of witnesses and calling Mr. Reynolds to the stand while visibly restrained instead of asking for a recess. *See Strickland v. Washington*, 466 U.S. 668, 688–94 (1984) (establishing two-part performance and prejudice analysis); *Bridges v. United States*, 991 F.3d 793, 803 (7th Cir. 2021) (To assess counsel's performance, the Court "applies an objective standard of reasonableness considering all the circumstances."). Counsel testified during the § 2255 hearing that he did not know about the Fifth Amendment protection against appearing in visible restraints before being informed during the trial. Dkt. 57 at 6, 8–9. Once he learned of it, he attempted to waive the protection without discussing the matter with his client, and that decision was based on panic, not strategic calculation. *Id.* at 7–8, 10–12; *Hinton v. Alabama*, 571 U.S. 263, 274 (2014) ("An attorney's ignorance of a point of law that is fundamental to his

Third, contrary to the government's assertion, *see* dkt. 60 at 9, *Deck* does not involve the application of a harmless error standard. Indeed, "harmless" appears nowhere in the opinion. 544 U.S. 622. Further, the Supreme Court deemed shackling "inherently prejudicial." *Id.* at 635. "Thus, where a court, without adequate justification, orders the defendant to wear shackles that will be seen by the jury, *the defendant need not demonstrate actual prejudice* to make out a due process violation." *Id.* (emphasis added).

The government's requested reconsideration of the Court's prior ruling is unavailing because it advances arguments that it did not raise during the pendency of the case as well as arguments that are directly contradicted by controlling Supreme Court precedent. The motion to reconsider, dkt. [60], is **denied**.

**IT IS SO ORDERED.**

Date: 11/9/2026

Sarah Evans Barker

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under Strickland."); *Osagiede v. United States*, 543 F.3d 399, 405 (7th Cir. 2008) (Petitioner "argued, correctly, that counsel's failure to know the laws applicable to his case could constitute constitutionally deficient performance.").

In addition, "visible restraints have long been deemed to be inherently prejudicial to the accused." *Wilber v. Hepp*, 16 F.4th 1232, 1260 (7th Cir. 2021). The *Deck* Court "saw nothing even potentially benign in shackles, nor did it suggest that a jury might feel sympathy rather than fear or aversion for a shackled defendant." *United States v. Cooper*, 591 F.3d 582, 588 (7th Cir. 2010). This case is no exception. Although the government attempts to rely on Mr. Reynolds's own argument that law enforcement officers exploited him and contends that his defense would *benefit* from jurors knowing he was in custody, viewing a defendant in shackles affects jurors in a way that simply knowing the defendant is incarcerated does not. *See id.* at 588 ("[T]he overall tenor of *Deck* . . . suggests that shackling is a much more serious step than the use of prison garb."). The record in this case therefore supports a finding that "but for counsel's errors, there is a reasonable probability that the result would have been different." *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018) (cleaned up). Indeed, the Court reached this very conclusion in its previous order, albeit not in so many words: "Mr. Reynolds's convictions and sentence were thus, at the very least, influenced by a violation of the Constitution." Dkt. 57 at 12.

Distribution:

Bryan Freres
DOJ-USAO
bryan.freres@usdoj.gov

Eugene L. Miller
DOJ-USAO
eugene.miller@usdoj.gov

Brian J. Paul
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
brian.paul@faegredrinker.com

James Robert Strickland
Faegre Drinker Biddle & Reath LLP
james.strickland@faegredrinker.com

Joshua N. Turner
Faegre Drinker Biddle & Reath LLP
josh.turner@faegredrinker.com